UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE QUINN, VICTORIA MCCLOUD, and BARBARA BOYLE, | : : : | ELECTRONICALLY FILED |
| Plaintiffs | : : | NO. |
| | : | COMPLAINT FILED: |
| v. | : : | JURY TRIAL DEMANDED |
| CITY OF SUNBURY | : : | JUDGE |
| Defendant | : | |

## **COMPLAINT**

1. Plaintiff Jamie Quinn is an adult individual who currently resides at 724 Spruce Street, Kulpmont, Northumberland County, Pennsylvania, 17834.

2. Plaintiff Victoria McCloud is an adult individual who currently resides at R.D. 3 Box 241A, Sunbury, Northumberland County, Pennsylvania, 17801.

3. Plaintiff Barbara Boyle is an adult individual who currently resides at 518 South Front Street, Sunbury, Northumberland County, Pennsylvania, 17801.

4. The Defendant herein is the City of Sunbury, a governmental entity existing under the laws of the Commonwealth of Pennsylvania with offices located at 225 Market Street, Sunbury, Northumberland County, Pennsylvania, 17801.

5. This court has jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. §1331 1343, and 1367.

6. Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §13941(b).

7. The Plaintiffs are female.

8. Plaintiff Jamie Quinn began her employment with the City of Sunbury as a police officer in January 1995.

9. Plaintiff Victoria McCloud began her employment with the City of Sunbury as a clerk in July 1988.

10. Plaintiff Barbara Boyle began her employment with the City of Sunbury as a meter person in January 1995.

11. The Plaintiffs previously filed sexual discrimination/harassment Complaints with the Pennsylvania Human Relations Commission and Equal Employment Opportunity Commission at: PHRC No. 2002112097, EEOC No. 17FA260177; PHRC No. 200205495, EEOC No. 17FA361478; PHRC No. 200205497, EEOC No. 17FA361480; PHRC No. 200205499, EEOC No. 17FA361476 and in the Federal District Court for the Middle District of Pennsylvania at 4:03-CV-01634-MM.

12. Subsequent to the filing of the above referenced sexual discrimination/harassment Complaints, the Plaintiffs have been subjected to further sexual discrimination and/or harassment and retaliation for the filing of the aforementioned Complaints which was the subject of new administration complaints filed with the Pennsylvania Human Relations Commissions and Equal Employment Opportunity Commission at PHRC Nos. 2002-08360, 2002-8356, 2002-08365 and EEOC Nos. 17F-2003-63690, 17F-2003-63691 and 17F-2003-63692.

13. The factual allegations contained in the previously filed Federal Complaint are incorporated herein by reference.

14. The Defendant has employed 20 or more workers for at least 20 weeks throughout the year.

15. Subsequent to the Plaintiffs filing of discrimination complaints against the Defendant, the Defendant, through Mayor David Persing, Chief Rick Longenberger, and others, have engaged in an insidious, consistent and malicious course of conduct intended to exclude and isolate the Plaintiffs in their employment. These actions have included the exclusion of Plaintiffs from participating in activities which would allow them to interact with the public, such as the bicycle auction and fingerprinting of children.

## COUNT I
## JAMIE QUINN v. CITY OF SUNBURY
## SEXUAL HARASSMENT AND DISCRIMINATION

16. Paragraphs 1 through 15 are incorporated herein by reference as though set forth in full.

17. In or about October 2002, Jamie Quinn received a notice to all police officers from Mayor David Persing stating that each officer was to provide a list of all prescription drugs they are currently taking as well as prescription drugs the officer anticipates will be prescribed within the next ninety (90) days.

18. The notice from Mayor Persing was issued in violation of regulatory R-16 paragraph b.

19. A male officers taking heart medication was troubled by the Mayor's request and advised other officers that he was going to the FOP. In response to concerns raised by this male officer, Corporal Stark advised that the request was not aimed at him, but was rather intended for another officer.

20. Upon information and belief, Mayor Persing issued the notice with the intent

of obtaining a list of medications for Plaintiff Jamie Quinn as part of his ongoing effort to terminate her employment.

21. In October 2002, Plaintiff Jamie Quinn was written up by Corporal Jones for missing information on a police report. Male officers are not written up for failing to include information on a police report. The simply receive a form requesting that they correct the error.

22. In October 2002, Corporal Jones unsuccessfully attempted to persuade a citizen to file a complaint against Plaintiff Jamie Quinn.

23. Plaintiff Jamie Quinn filed a formal complaint against Corporal Jones in October 2002, which had been completely disregarded by Chief Longenberger and Corporal Jones.

24. Upon information and belief, male members of the Sunbury Police Department have repeatedly attempted to persuade citizens to file complaints against Plaintiff Jamie Quinn, without success.

25. On or about October 6, 2002, Jamie Quinn answered a call on a parental kidnaping in progress. Despite the apparent dangers associated with such a call, no other members of the Police Department provided her with backup.

26. Since October 2002 some male members of the Sunbury Police Department refuse to provide Plaintiff Jamie Quinn with backup when she is responding to calls.

27. In or about October 2002, Plaintiff Jamie Quinn was suspended for six (6) weeks with pay for an alleged act of insubordination.

28. Plaintiff Jamie Quinn was not insubordinate.  She was cornered by supervisors and forced to respond to questions they posed.  Corporal Jones became malicious towards Plaintiff Barbara Boyle and Plaintiff Jamie Quinn responded to him in

defense of Plaintiff Barbara Boyle.  Male members of the Police Department who have engaged in similar conduct, a simple disagreement with the Chief of Police, have not been suspended.  The meritless nature of the suspension was evidenced by the fact legal procedures were not followed, that the suspension was with pay, that the investigation was one-sided and that once she was finally reinstated to duties after two months the penalty was limited to three days without pay.  There were no repercussions against Corporal Jones, and Plaintiff Jamie Quinn's right to due process was violated.

29. Upon information and belief, the Defendant attempted, without success, to figure out a reason to terminate Plaintiff Jamie Quinn's employment during the eight (8) week period of time she was on suspension with pay.

30. The Defendant has failed and/or refused to pay Plaintiff Jamie Quinn for vacation pay due and owing during the period of time during her suspension with pay.

31. In January 2003, Plaintiff Jamie Quinn reported that she had lost her speed loader.  When male members of the Police Department lose items such as speed loaders they are simply required to pay for a replacement.  In this instance, the fact that Jamie Quinn had lost her speed loader was referred to the Mayor for possible discipline.

32. In or about January 2003, Plaintiff Jamie Quinn was written up because the Defendant contended that she had damaged her police cruiser, which she had not done.

33. The alleged damage to the police cruiser was an extremely small dent in a plastic bumper which was popped out by another officer.

34. The Defendant does not write up male officers for minor damage which was found on a police cruiser after the officer's shift.

35. In February 2003, Plaintiff Jamie Quinn was disciplined for not making PA announcements on the midnight shift, which had never been done before, when assisting the city crew in attempting to move vehicles for the purpose of snow removal.  As with past practices, Plaintiff Jamie Quinn was working a midnight shift, ran the plates on vehicles, and knocked on doors to attempt to have as many of the parked vehicles moved by their owners.  The remaining vehicles were towed.  No male officers were disciplined with respect to similar actions.

36. Plaintiff Jamie Quinn has been subjected to a sexually hostile work environment and has been discriminated against on the basis of her sex, in violation of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff Jamie Quinn requests this Honorable Court to enter judgment in her favor and against Defendant City of Sunbury together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such further relief the court deems just and appropriate.

## COUNT II
## JAMIE QUINN v. CITY OF SUNBURY
## RETALIATION

37. Paragraphs 1 through 36 are incorporated herein by reference as though set forth in full.

38. The Defendant's actions as set forth in the preceding paragraphs constitute retaliation against Plaintiff Jamie Quinn in violation of both the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff Jamie Quinn requests this Honorable Court to

enter judgment in her favor and against Defendant City of Sunbury together with

compensatory damages, punitive damages, reasonable attorney fees and costs, and any such further relief the court deems just and appropriate.

## COUNT III
## VICTORIA MCCLOUD v. CITY OF SUNBURY
## SEXUAL HARASSMENT AND DISCRIMINATION

39. Paragraphs 1 through 38 are incorporated herein by reference as though set forth in full.

40. In January 2003, Plaintiff Victoria McCloud, the records clerk for the City of Sunbury Police Department was ordered to empty the parking meters despite the fact that it was not part of her job description. These job duties should have been performed by Steven Brown, a male employee. However, Brown refused to perform the job duty because he maintained it was too cold outside.

41. In January 2003, Defendant required Plaintiff Victoria McCloud to provide a doctor's excuse for one day absence. Male employees are not required to provide doctor's excuses for one day absence.

42. In January 2003, Plaintiff Victoria McCloud was required to explain exactly why she was absent for one day. Male employees of the Defendant are not required to provide a precise explanation for a one day absence.

43. Plaintiff Victoria McCloud has been subjected to a sexually hostile work environment and has been discriminated against on the basis of her sex, in violation of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act.

44. In or about October 2002, current Chief Northumberland County Detective

and Retired Sunbury Sargent Gabriel DeMarco was advised he was no longer permitted in the offices at the Sunbury Police Department.  This order was made because DeMarco had been supportive of the Plaintiffs during the time of his employment with the Sunbury Police Department.

45. Despite the standing order which excludes all non-police personnel from the offices of the Sunbury Police Department, male members of the Police Department are permitted to violate the rule at their whim.  The rule is only enforced with respect to the Plaintiffs.

WHEREFORE, Plaintiff Victoria McCloud requests this Honorable Court to enter judgment in her favor and against Defendant City of Sunbury together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such further relief the court deems just and appropriate.

## COUNT IV
## VICTORIA MCCLOUD
## RETALIATION

46. Paragraphs 1 through 45 are incorporated herein by reference as though set forth in full.

47. Prior to the filing of discrimination Complaints against the Defendant, Plaintiff Victoria McCloud was responsible for completing and submitting uniform crime reports.  During the time she was responsible for completing uniform crime reports, Chief Longenberger and others made baseless criticisms of her work on the unified crime reports.  The uniform crime reports were reassigned to a male officer and as of February 20, 2003, he had not submitted even one uniform crime report since taking this duty over in

March 2002.

48. While Plaintiff was on a leave of absence, Mayor Persing advised the District Attorney that Victoria McCloud was off work due to mental problems.

49. The Defendant's actions as set forth in the preceding paragraphs constitute retaliation against Plaintiff Victoria McCloud in violation of both the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff Victoria McCloud requests this Honorable Court to enter judgment in her favor and against Defendant City of Sunbury together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such further relief the court deems just and appropriate.

## COUNT V
## BARBARA BOYLE v. CITY OF SUNBURY
## SEXUAL HARASSMENT AND DISCRIMINATION

50. Paragraphs 1 through 49 are incorporated herein by reference as though set forth in full.

51. In October 2002, Plaintiff Barbara Boyle, the meter person for Defendant, was required for the first time to collect money from the meters alone. She complained to her supervisor and her complaint went unheeded.

52. In approximately 20 years there had only been one other time that an employee had collected meter money alone due to the fact that prior to those 20 years Chief Karpinski had collected the money alone and had been arrested for stealing that money.

53. The male employee, Steven Brown, who performed the duty of collecting

money from meters after Barbara Boyle had left her employment was always provided with a partner.

54. On November 4, 2002, Plaintiff Barbara Boyle attended a meeting with Mayor David Persing and was told that if she would forget everything from her previously filed discrimination complaints, she could be the meter person for the City of Sunbury as long as she wanted.

55. In November 2002, Mayor David Persing prevented Claimant Barbara Boyle from receiving for short term disability benefits under the guise of maintaining that her short term disability was not physical when no such preclusion to applying for short term disability benefits existed.

56. In December 2002, the local newspaper reported city budget cuts included the elimination of the full time meter person position and replacing it with a part time meter person.

57. In response to the newspaper article, Plaintiff Barbara Boyle confronted Chief Longenberger who advised Plaintiff Barbara Boyle that he could neither deny nor confirm that the meter person position was being reduced to part time.

58. Chief Longenberger then contacted the Mayor's office and was advised that the position would be reduced to part time. Chief Longenberger told Plaintiff Barbara Boyle that the Mayor advised that the position would be reduced to part time on January 1, 2003.

59. The reduction of her employment to part time caused Plaintiff Barbara Boyle to be constructively discharged from her employment and she advised the Defendant that

she was resigning as a result of her employment being reduced to part time.

60. Subsequent to Plaintiff Barbara Boyle advising the Defendant that she was resigning from her employment due to the reduction of her hours to part time, the Defendant's budget was released which included a salary for a full time meter person with a $.50 per hour raise.

61. In response to discovering the budget allowing for a full time meter person, Plaintiff Barbara Boyle requested to be reinstated to her position and her

request was denied.

62. Subsequent to her resignation, Plaintiff Barbara Boyle requested payment for wages which were due and owing and the Defendant failed to pay her for the wages which were due and owing.

63. Defendant has now permitted a full time employee, who had less seniority then Plaintiff Barbara Boyle to perform the meter person duties rather than offer Plaintiff Barbara Boyle to remain a full time employee performing meter person duties with other duties.

64. Plaintiff Barbara Boyle has been subjected to a sexually hostile work environment and has been discriminated against on the basis of her sex, in violation of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff Barbara Boyle requests this Honorable Court to enter judgment in her favor and against Defendant City of Sunbury together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such further relief the court deems just and appropriate.

## COUNT VI
## BARBARA BOYLE
## RETALIATION

65.     Paragraphs 1 through 64 are incorporated herein by reference as though set forth in full.

66.     The Defendant's actions as set forth in the preceding paragraphs constitute retaliation against Plaintiff Barbara Boyle in violation of both the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff Barbara Boyle requests this Honorable Court to enter judgment in her favor and against Defendant City of Sunbury together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such further relief the court deems just and appropriate.

**SCHEMERY ZICOLELLO**

By:   s/Michael J. Zicolello
      Michael J. Zicolello
      I.D. #65522
      Attorney for Plaintiffs

333 Market Street
Williamsport, PA 17701
Telephone:  (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com