## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA MCCLOUD | : | |
| and BARBARA BOYLE, | : | |
| | : | NO. 4:CV-04-2322 |
| Plaintiffs | : | |
| | : | COMPLAINT FILED: 10/21/04 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF SUNBURY | : | |
| | : | JUDGE MUIR |
| Defendant | : | |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND EXPENSES

## I.    BACKGROUND

On September 18, 2003, Plaintiff filed a lawsuit against Defendant City of Sunbury at No. 4:CV-03-1634 alleging claims of sexual harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Acts and the Pennsylvania Human Relations Act. On October 21, 2004, Plaintiffs filed a second lawsuit against Defendant City of Sunbury alleging continuing claims of sexual harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.  This Court subsequently consolidated Plaintiffs' Complaints for trial.

Plaintiffs claims were tried before a jury beginning November 14, 2005.  On November 22, 2005, the jury returned a verdict in favor of Plaintiffs and against the Defendant as to their claims of retaliation but not as to their claims of sexual discrimination and sexual harassment.  On December 7, 2005, the jury awarded Plaintiff Victoria McCloud $250,000 in damages and Plaintiff Barbara Boyle $65,000 in damages.

Pursuant to 42 U.S.C. §2000e-5(k) Plaintiffs are entitled to an award of reasonable attorney fees and expenses.

## II.   ARGUMENT

### A.  PREVAILING PARTY

A prevailing Title VII plaintiff is entitled to recover attorney's fees and cost under 42 U.S.C. § 2000e-5(k), which provides, "[i]n any action proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . .  a reasonable attorney fee (including expert fees) as part of the costs . . ."[1]

A "prevailing party" is one that succeeds on any significant issue in the litigation which achieves some of the benefits the parties sought in initially filing suit.  Hensley v. Eckerhart, 461 U.S. 422, 433 (1983)(citation omitted).  Although Plaintiffs' success was limited to their retaliation claims, they "succeeded on [a] significant claim affording [them] some of the relief sought." Texas State Teachers Ass'n v. Garland Independent School District, 499 U.S. 782, 791 (1989); see also City of Riverside v. Rivera, 477 U.S. 561, 570 (1986).  Therefore, Plaintiffs are entitled to recover attorney's fees.

> This is a generous formulation that brings the Plaintiff only across the statutory threshold.  It remains for the district court to determine what fee is "reasonable".

Hensley, 461 U.S. at 433.

---

[1] As plaintiffs also prevailed on their retaliation claim under the Pennsylvania Human Relations Act, they are entitled to reasonable attorney fees under state law as well. 43 P.S. 962 (c.2)

B.  LODESTAR

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate".  <u>Hensley</u>, 461 U.S. at 433; <u>see</u> <u>also</u> <u>Pennsylvania Environmental Defense Foundation v. Canon-McMillin School District</u>, 152 F.3d 228, 231 (3d Cir. 1998).  This computation, known as the lodestar "provides an objective basis on which to make an initial estimate of the value of a lawyers services."  <u>Hensley</u>, 461 U.S. at 433.

The party seeking an award of attorneys fees must submit evidence to support the hours worked and the rates claimed.  <u>Id</u>.

C.  REASONABLE HOURLY RATE

The "market rate" in the relevant community is the reasonable hourly rate to be used in commuting the lodestar.  <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  If the normal billing rate does not reflect the market rate, the lodestar must be calculated based upon the market rate.  <u>Gulf Stream, III Associates, Inc.</u>, 995, F.2d at 422.  As a matter of course, the hourly rate determined by the court to be the lodestar must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skills, experience and reputation."  <u>Blum</u>, 465 U.S. at 896.

Plaintiffs' counsel, Michael J. Zicolello, Esquire, is one of the few attorneys in the relevant community who represents Plaintiffs in civil rights lawsuits.  Plaintiffs' counsel has 13 years of experience representing parties in civil rights lawsuits and prior to entering private practice served a two year Federal Clerkship in the Middle District of Pennsylvania.

Affidavits of Attorneys submitted by Plaintiffs attached here to as Exhibit "D", "E" and "F",
establish a current billing rate in the local community for civil rights litigation in the amount
of at least $200.00.  Based upon the Affidavits submitted, the reasonable hourly rate in this
region for an attorney such as Plaintiffs' trial counsel who specializes in civil rights litigation
is as follows:

     C    Michael J. Zicolello, $200 per hour for work performed after January 1, 2004;

     C    Michael J. Zicolello $175 per hour for work performed prior to January 1, 2004.

The reasonable hourly rate for other attorneys who performed work in plaintiffs case is as
follows:

     C    Elinor C. Marsalisi,   $125 per hour

See Affidavit of Michael J. Zicolello attached hereto as exhibit "D".

Based upon the Affidavits submitted, the aforementioned hourly rates are in accord
with the rates prevailing in the community for similar services by lawyers of reasonable
comparable skill, experience and reputation as Plaintiffs' counsel.

D.  HOURS REASONABLY EXPENDED

The District Court is required to exclude hours that are not reasonably expended,
Hensley, 461 U.S. at  433, and it is the burden of counsel for the prevailing party to make a
good faith effort to exclude hours from a fee request that are considered to be
unreasonably expended, including those that are excessive, redundant, or otherwise
unnecessary.  Rode, 892 F.2d at 1183.  The Court is also permitted to reduce the hours

- 4 -

claimed by the number of hours spent litigating claims on which the party did not succeed and that were distinctive in all respects from the claims in which the party did succeed. Rode, 892 F.2d at 1183.  In the instant case, although Plaintiffs did not succeed on their claims of sexual harassment and discrimination, these claims were intrinsically related to Plaintiffs' claims of retaliation on which they did succeed.

After reviewing the actual time incurred in litigating this matter, Plaintiffs' counsel has eliminated 40.3 hours spent solely on the claim of former Plaintiff Jamie Quinn.  See Affidavit of Michael J. Zicolello attached hereto as exhibit "D".  However, work related to Plaintiff Jamie Quinn's claim performed in conjunction with the claims of Barbara Boyle and Victoria McCloud has not been eliminated because Jamie Quinn was an indispensable witness to the Plaintiffs' claims as she was the only other female employee within the City of Sunbury Police Department and the evidentiary substance of her claims was invaluable evidence in support of the Plaintiffs' case.

Time spent by Attorneys Elinor Marsalisi and Mary Schemery on December 5 and 6, 2006, respectively, readings the deposition transcripts of medical witnesses at trial has been omitted from the request for reasonable attorney fees because it was non-attorney work.

In summary, Plaintiffs seek the following fees:

|  |  | Hours | Rate | Fee |
|---|---|---|---|---|
| C | Michael J. Zicolello | 57.9 | $175 | $10,132.50 |
| C | Michael J. Zicolello | 371.1 | $200 | $74,220.00 |

| C | Elinor C. Marsalisi | 50.6 | $125 | $ 6,325.00 |
|---|---|---|---|---|
|   | Total |  |  | $90,677.50 |

E. FEES ON FEES.

Plaintiffs' also request that time expended in seeking this award of attorney fees be included in the fee award.  See Polselli v. Nationwide Mutual Fire Insurance, 126 F.3d 524, 537 (3d Cir. 1997).  Such an award is sometimes referred to "fees on fees". United States ex rel. John Doe I v. Pennsylvania Blue Shield, 54 F.Supp. 2d 410, 414 (M.D. Pa. 1999).

Plaintiffs' counsel requests, reimbursement for a total of 12.1 hours, resulting in an attorney fee of $2,420.00, for preparation of the Motion for Attorney Fees and supporting documents.  See Exhibit "C".

F.  COSTS

Plaintiff has also expended reasonable costs in the amount of $11,034.27 in this litigation.  The costs are detailed in exhibit "B".  All of these costs are reasonable and were incurred in the pursuit of Plaintiffs' claim.

III.    **CONCLUSION**

Therefore, based upon the lodestar method as set forth above, Plaintiffs' request this Honorable Court to enter an Order awarding reasonable attorney fees and expenses as follows:

|   |   | Hours | Rate | Fee |
|---|---|---|---|---|
| C | Michael J. Zicolello | 57.9 | $175 | $ 10,132.50 |
| C | Michael J. Zicolello | 383.2 | $200 | $ 76,640.00 |

| C | Elinor C. Marsalisi | 50.6 | $125 | $  6,325.00 |
|---|---|---|---|---|
| | | | Subtotal | $ 93,097.50 |
| | | | Expenses | $ 11,034.27 |
| | | | Total | $104,131.77 |

**SCHEMERY ZICOLELLO**


By: /s/ Michael J. Zicolello
      Michael J. Zicolello
      P.A. I.D. #65522
      Attorney for Plaintiffs

333 Market Street
Williamsport, PA 17701
Phone: (570) 321-7554
Fax: (570) 321-7845
Email: Mike@sz-law.com

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTORIA MCCLOUD | : | |
| and BARBARA BOYLE, | : | |
| | : | NO. 4:CV-04-2322 |
| Plaintiffs | : | |
| | : | COMPLAINT FILED: 10/21/04 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF SUNBURY | : | |
| | : | JUDGE MUIR |
| Defendant | : | |

## CERTIFICATE OF SERVICE

Michael J. Zicolello hereby certifies that Brief in Support of Plaintiffs' Motion for

Attorney Fees and Expenses has been served upon the following individual and in the

manner indicated on this 21st day of December, 2005:

**VIA ELECTRONIC MAIL**

Sharon M. O'Donnell, Esquire
MARSHALL, DENNEHY, WARNER,
COLEMAN & GOGGIN
4200 Crums Mill Road - Suite 5
Harrisburg, PA 17112

**SCHEMERY ZICOLELLO**

By: /s/ Michael J. Zicolello
Michael J. Zicolello
P.A. I.D. #65522
Attorney for Plaintiffs

333 Market Street
Williamsport, PA 17701
Phone: (570) 321-7554
Fax: (570) 321-7845
Email: Mike@sz-law.com

- 8 -