IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA MCCLOUD | : | No.:  4:CV-04-2322 |
| and BARBARA BOYLE, | : | |
| Plaintiffs, | : | JUDGE MUIR |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF SUNBURY, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEY FEES AND EXPENSES**

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On September 18, 2003, Plaintiffs, Victoria McCloud, Barbara Boyle and

Jamie Quinn instituted an action against Defendant, City of Sunbury alleging

gender discrimination, sexual harassment and retaliation in violation of the Civil

Rights Act and the Pennsylvania Human Relations Act.  On October 21, 2004,

Plaintiffs', including Quinn filed a second Complaint against Defendant alleging

gender discrimination, sexual harassment and retaliation in violation of the Civil

Rights Act and the Pennsylvania Human Relations Act.   On March 18, 2005, Plaintiff Quinn filed a Stipulation of Dismissal as to All Claims.

On November 22, 2005, the jury returned a verdict for the Defendant, City of Sunbury, on Plaintiffs' gender discrimination and  sexual harassment claims, and for Plaintiffs on their retaliation claim.  Thereafter, a trial on damages was held. On December 7, 2005 the jury awarded Plaintiff McCloud $250,000.00 and Plaintiff Boyle $65,000.00.

On December 21, 2005, Plaintiffs filed a Motion for Attorney Fees and Expenses, and brief in support thereof.  On December 22, 2005, Defendant filed a Motion to Stay Plaintiffs' Motion for Attorney Fees & Expenses Pending Appeal. On December 23, 2005, Defendant filed a Notice of Appeal.

## II.   ISSUE

**A.  Whether Plaintiffs' requested attorney fees and expenses should be reduced?**

**Suggested Answer in the affirmative.**

## III.   ARGUMENT

Plaintiffs' requested attorney fees and expenses should be reduced to exclude 1/3 of all entries related to Plaintiffs McCloud and Boyle and former Plaintiff Jamie Quinn.  Further, Plaintiffs' requested attorney fees should be reduced one-third to reflect their limited success on only one of three claims at trial.  Plaintiffs,

Victoria McCloud and Barbara Boyle, along with former Plaintiff Jamie Quinn filed three claims in this Title VII/PHRA suit:  a claim for sexual harassment, gender discrimination, and retaliation.   Plaintiff Quinn filed a Stipulation of Dismissal as to All Claim on March 18, 2005, approximately 8 months  prior to the trial of this matter.

The remaining claims of Plaintiffs McCloud and Boyle were tried beginning November 14, 2005.  On November 22, 2005, the jury found in favor of Defendant on Plaintiffs' sexual harassment and gender discrimination claims, but in favor of Plaintiffs on the claim for retaliation in a amount of $250,000.00 and $65,000.00 to Victoria McCloud and Barbara Boyle, respectively.  Plaintiffs now seek in excess of $93,000.00 in attorney fees (under a lodestar application), and expenses in excess of $11,000.00.  Defendant, City of Sunbury, makes the following objections in opposition to that request.

The law is well-settled that the party seeking attorney's fees must show that (1) she is a prevailing party; and (2) the fee request is reasonable. Potence v. Hazelton Area School District, 357 F3d. 366, 375 (2004) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).  The 'lodestar' method, which takes the number of hours reasonably expended multiplied by a reasonable hour rate, is strongly presumed to yield a reasonable fee." Rode at 1183..

If a plaintiff has achieved only partial or limited success at trial, the product of hours reasonably expended on the litigation as a whole, times a reasonable hourly rate, is an excessive amount. <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) (observing that 'some courts have stated flatly that plaintiffs should not recover fees for any work on unsuccessful claims.', <u>citing</u>, <u>Hughes v. Repko</u>, 578 F.2d 483, 486-7 (3d Cir. 1978)). This is true even where the plaintiff's claims are interrelated. <u>Id.</u>  The <u>Hensley</u> Court observed that "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the *most critical* factor is the degree of success obtained." <u>Id. at 436.</u>   In <u>Texas State Teachers Ass'n v. Garland</u>, 489 U.S. 782, 103 L.Ed.2d 866 (1989), the Supreme Court held that "the district courts must exercise their equitable discretion in such cases to arrive at a reasonable fee award either by attempting to identify the specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff."

Our Third Circuit courts and Eastern District trial courts have observed the <u>Hensley</u> mandate and recognized the obligation to engage in a reduction analysis where a plaintiff achieves partial or limited success at trial. <u>Watson v. SETPA</u>, 207 F.3d 207, 225 (3d. Cir. 2000); <u>Washington v. Philadelphia County Court of Common Pleas</u>, 89 F.3d 1031, 1042 (3d Cir. 1996), (stating that 'the amount of

damages awarded when compared with the amount of damages requested may be one measure of how successful the plaintiff was in his or her action and therefore may be taken into account when awarding attorney's fees to a civil rights plaintiff.', (quoting, Abrams v. Lightolier, 50 F.3d 1204, 1222 (3d Cir. 1995)); Shadis v. Beal, 703 F.2d 71, 73 (3d. Cir. 1983); Bonenberger v. Plymouth Township, et al, 1998 U.S. Dist. LEXIS 12036 (E.D. Pa. 1998) ('…where the plaintiff has achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained', citing, Hensley v. Eckerhart, 461 U.S. 424 and Washington v. Philadelphia Cty. Court of Common Pleas, 89 F.3d 1031, 1044 (3d. Cir. 1996)); Rego v. ARC Water Treatment Company of Pennsylvania, et al., 1998 U.S. Dist. LEXIS 9635, *7 (E.D. 1998), (applying Hensley reduction analysis, explaining, 'the amount of the fee ultimately must be determined on the facts of the case.'); Bereda v. Pickering Creek Industrial Park, Inc., 1990 U.S. Dist. LEXIS 7374 *3 (E.D. Pa. 1990) ('…since plaintiff achieved only limited success, the court is obliged to engage in a Hensley reduction analysis.'), citing, Hensley, supra.

Defendant, City of Sunbury, submits that this Court is obliged to apply a Hensley reduction analysis to Plaintiffs' Motion for Attorney Fees and Expenses because Plaintiffs achieved only limited success at trial, having won only one-third of their claims, Plaintiff Boyle having recovered fifteen (15%) percent of her

demand ($65,000.00 divided by $550,000), and Plaintiff McCloud having recovered (55%) percent of her demand ($250,000 divided by $450,000).  See Exhibit A, Plaintiffs' demand letter dated November 9 , 2005.

Defendant, City of Sunbury, requests this Court to reduce and/or award Plaintiffs Boyle and McCloud attorney fees to reflect a deduction of one-third for the partial or limited success at trial for the claim upon which they prevailed, given the fact that the evidence at trial may be, but is not required to be viewed as essentially equivalent in weight and substance, at least in Plaintiffs' case in chief.

The Court should deduct hours from the calculation if they are excessive, redundant, or otherwise unnecessary.  Schofield v. Trustees of University of Pennsylvania, 919 F. Supp. 821 , 826 (E.D. Pa. 1996).  See also, Genter v. Cheyney Univ. of Penn., 1999 U.S. Dist. 16796 (E.D. Pa. 1999).  Defendant requests that the block-billings from Plaintiffs' fee petition be reduced by one-third because they include work performed on behalf of all three Plaintiffs, and not only Plaintiffs McCloud and Boyle.  Therefore, prior to the initial deduction outlined above, Defendant, City of Sunbury, requests this Court reduce numerous time entries that include work performed on behalf of Plaintiff McCloud, Plaintiff Boyle and former Plaintiff Quinn prior to the time Plaintiff Quinn's filed a Stipulation of Dismissal as to All Claims on March 18, 2005.   For Example:

8/7/01      Conference with Ms. Boyle, Ms. McCloud and
            Ms. Quinn re: sexual discrimination and job

|          |                                                  | preservation. | 1.80 hours |

|         |                                                                              |            |
|---------|------------------------------------------------------------------------------|------------|
| 8/7/01  | Telephone call to Ms. Boyle, Ms. McCloud and<br>Ms. Quinn re:  consultation | .50 hours  |
| 2/1/02  | Conference with Ms. Boyle, Ms. Cloud and<br>Ms. Quinn re:  sexual harassment, discrimination<br>and job preservation | 1.30 hours |
| 2/4/02  | Draft PHRC Complaint                                                          | 2.10 hours |

Counsel's billing statement is replete with entries as identified above.  See Exhibit B, identifying entries to be reduced by one-third as underlined.   These time entries total 184.8 hours, and should be reduced by one-third (61.6 hours) for a total of 123.2 hours.

Plaintiffs have submitted expenses for costs associated with Plaintiff McCloud, Plaintiff Boyle and settled Plaintiff Quinn.  For Example:

| | |
|---|---|
| U.S. District Court – Filing Fees | $300.00 |
| Service of Subpoenas to appear for deposition<br>Degg Stark, Steve Brown and Steve Bennick – 2/4/04 | 89.75 |
| Depositions of Charles McAndrew, Degg Stark,<br>Steve Bennick, and Steve Brown 4/14/04 | 572.50 |
| Depositions of Gabriel DeMarco and<br>Charles McAndrew – 2/19/04 | 677.00 |
| Deposition of Jamie Quinn – 8/4/04<br>(Noted on Plaintiffs' Exhibit B as<br>Deposition of McCloud 770.90) | 441.35 |
| Depositions of David Persing and | |

Rick Longenberger – 9/21/04                                        577.50

Travel Expenses for Depositions 4/14/04                    34.50

Travel Expenses for Depositions 8/4/04                      34.50

Travel Expenses for Depositions 9/21/04                     34.50

                                            Total:     2,761.60

                                    Deduct 1/3:          920.53

                        **Proposed Expenses:     1,841.07**

See Exhibit C.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant, City of Sunbury, requests this Honorable Court to enter an Order awarding Plaintiffs' attorney fees by reducing the amount of the requested fees to account for the limited success of the Plaintiffs, as well as a reduction of one-third for all time entries identified in Exhibit B and expenses identified in Exhibit C.

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:    s/Sharon M. O'Donnell
         SHARON M. O'DONNELL, ESQ.
         Atty. ID. 79457
         PEGGY M. MORCOM, ESQ.
         Atty ID.  92463
         4200 Crums Mill Road
         Harrisburg, PA 17112
         (717) 651-3503
         *Attorney for Defendant, City of Sunbury*

# CERTIFICATION OF SERVICE

I hereby certify that I have served upon all parties listed below via electronic filing a true and correct copy the foregoing documents in the above-captioned matter this date.

Michael J. Zicolello, Esquire
SCHEMERY & ZICOLELLO
333 Market Street
Williamsport, PA 17701

**MARSHALL, DENNEHEY, WARNER
COLEMAN AND GOGGIN**

DATE: 12/27/05           BY:   *s/Sharon M. O'Donnell*_____
                               SHARON M. O'DONNELL, ESQUIRE

                               *Attorneys for Defendants,*
                               *City of Sunbury*