```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


VICTORIA MCCLOUD and BARBARA   :
BOYLE,                         :
                               :
              Plaintiffs       :  No. 4:04-CV-2322
                               :
     v.                        :  Complaint Filed 10/21/04
                               :
CITY OF SUNBURY,               :  (Judge Muir
                               :
              Defendant        :
```

**ORDER**

February 23, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 22, 2005, a jury returned a verdict on liability in favor of the Plaintiffs with respect to the Plaintiffs' claims of unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.  On December 7, 2005, the jury awarded Plaintiff McCloud $250,000 and Plaintiff Boyle $65,000 in damages.

On December 21, 2005, Plaintiffs filed a motion for attorney's fees and expenses and a brief in support thereof. Defendant filed a brief in opposition on December 27, 2005.  A reply brief was filed on January 10, 2006.  Normally when a reply brief is filed a motion becomes ripe for disposition. However, on December 22, 2005, Defendant filed a motion to stay Plaintiffs' motion for attorney's fees and expenses pending appeal. On February 8, 2006, Plaintiffs filed a brief in opposition to Defendant's motion to stay Plaintiffs' motion for attorney's fees

and expenses pending appeal.  Plaintiffs' motion for attorney's fees and Defendant's motion to stay Plaintiffs' motion for attorney's fees became ripe for disposition on February 22, 2006, with the filing of Defendant's reply brief in support of Defendant's motion to stay.

We will first address Defendant's motion to stay Plaintiffs' motion for attorney's fees and expenses.  We do not recall any instance where we have stayed a motion for attorney's fees and expenses pending the outcome of an appeal.  Defendant has relied primarily on one case in support of its request.  However, the opinion in that case was issued by the United States District Court for the District of New Jersey and is not binding on us.  The citation set forth in Defendant's brief is <u>Public Interest Research Group of N.J. v. Hercules</u>, Inc. 2004 U.S.Dist. LEXIS 28584 (D.N.J., Oct. 27, 2003).  More importantly, in that case it was the Plaintiff which requested the stay of its own motion for attorney's fees and the matter involved complex issues under federal environmental laws.   We see no merit in Defendant's motion to stay and it will be denied.

We will now address Plaintiffs' motion for attorney's fees and expenses. Title VII of the Civil Rights Act of 1964 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs, . . . ."   It is undisputed that Plaintiffs are the prevailing parties under the statute. Plaintiffs contend they are entitled to $93,097.50 in attorney's

fees, the "lodestar" amount, and $11,034.27 in expenses.  The "lodestar" amount is the amount determined by multiplying the number of hours reasonably expended by counsel by the amount of a reasonable hourly rate.  Defendant does not contest the "lodestar" amount of attorney's fees in this case.  Instead, Defendant contends that the amount of attorney's fees should be reduced because Plaintiffs were only partially successful in the lawsuit.

It is clear that the court has the discretion to make certain adjustments to the "lodestar" amount. See Hensley v. Eckerhart, 461 U.S. 424, 435-37 (1983).  The Supreme Court in Hensley stated that to determine the appropriate adjustments we should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  461 U.S. at 435. The reduction of the "lodestar" is justified "[i]f . . . a plaintiff has achieved only partial or limited success" and "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate" is an "excessive amount."

In assessing whether the "lodestar" amount should be reduced for limited success, courts have focussed on the interrelationship between the winning and losing claims asserted by the Plaintiff or Plaintiffs.  See Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031 (3d Cir. 1996).  In Washington, as in the present case, there were both discrimination and retaliation claims.  Plaintiff Washington was

unsuccessful on his discrimination claims but prevailed on his retaliation claims.  The district court reduced the award by 50% and the Court of Appeals affirmed noting "the alleged relatedness between the two general claims is too tenuous to support a finding of error" and the district "court was well within its broad discretion when it discounted the fees . . . for partial success." Id. at 1044.

In the present case, we cannot conclude that the Plaintiffs' discrimination claims were distinct from the retaliation claims.  Plaintiffs asserted sexual discrimination based on a hostile work environment and retaliation based on their complaints regarding that work environment.  Plaintiffs quite appropriately presented at the time of trial evidence relating to the hostile work environment for the jury to evaluate the retaliation claims.  The jury was instructed, in assessing the retaliation claims, that the Plaintiffs had to prove that they were acting on a good faith, reasonable belief that they were the victims of discrimination when they made the original discrimination charges. In order for the jury to make such a determination evidence regarding the work environment had to be presented.

Furthermore, we cannot conclude that Plaintiffs had limited success in this case.  The jury awarded $65,000 in favor of Plaintiff Barbara Boyle and $250,000 in favor Plaintiff Victoria McCloud.   We will grant Plaintiffs' motion for attorney's fees and expenses, including the additional request

for an award of $1,020.00 relating to the preparation of Plaintiffs' reply brief.

        NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

        1. Defendant's motion to stay Plaintiffs' motion for attorney fees and expenses pending appeal (Doc. 87) is denied.

        2. Plaintiffs' motion for attorney's fees and expenses (Doc. 84) is granted as set forth below.

        3.  Plaintiffs are awarded attorney's fees and expenses in the amount of $105,151.77.

        4.  Within 60 days of the date hereof, Defendant shall pay to Plaintiffs' counsel the amount set forth in paragraph 2 of this order.

                                            MUIR, U.S. District Judge

MM:gs