```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


VICTORIA MCCLOUD and BARBARA    :
BOYLE,                          :
                                :
              Plaintiffs        :   No. 4:04-CV-2322
                                :
     v.                         :   Complaint Filed 10/21/04
                                :
CITY OF SUNBURY,                :   (Judge Muir)
                                :
              Defendant         :
```

**ORDER**

April 3, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 22, 2005, a jury returned a verdict on liability in favor of the Plaintiffs Victoria McCloud and Barbara Boyle with respect to the Plaintiffs' claims of unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. On December 7, 2005, the jury awarded Plaintiff McCloud $250,000 and Plaintiff Boyle $65,000 in damages. On December 21, 2005, Plaintiffs filed a motion for attorney's fees and expenses. On February 23, 2006, we granted Plaintiffs' motion by awarding them attorney's fees and expenses in the amount of $105,151.77.

On March 3, 2006, Defendant filed a motion for reconsideration and a brief in support thereof. On March 21, 2006, Plaintiffs filed a brief in opposition. The motion became ripe for disposition with the filing of the Defendant's reply brief on March 30, 2006.

Before addressing the merits of Defendant's arguments, we will review the legal principles governing motions for reconsideration, beginning with the well-settled doctrine of "law of the case."  It is important to note the manner in which a court's reconsideration of a prior decision meshes with that doctrine.  The "law of the case" doctrine "directs [a federal court's] exercise of its discretion." Public Interest Research Group of New Jersey, Inc., et al. v. Magnesium Elektron, Inc., 123 F.3d 111, 113 (3d Cir. 1997).  When the United States Supreme Court considered how a motion for reconsideration affects the scope and nature of that discretion, it commented that

> [a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice."

Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988)(emphasis added).

The Supreme Court's guidance in Christianson is reflected in the repeated holding of the Court of Appeals for the Third Circuit that

> we have recognized that the doctrine [of the law of the case] does not preclude our reconsideration of previously decided issues in extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice.

In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998)(emphasis added); see also Public Interest Research Group of

New Jersey, Inc., 123 F.3d at 117-118.  A demonstration of extraordinary circumstances as outlined above is a threshold prerequisite for obtaining reconsideration of a court's prior decision.

There is also an abundance of case law describing the events and conditions that do not constitute extraordinary circumstances justifying a court's reconsideration of a prior decision.  "A motion for reconsideration is not properly grounded on a request that a court should rethink a decision it has already made."  Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243, *2 (E.D.Pa. March 7, 2000)(Brody, J.).  Moreover, "where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." D'Angio v. Borough of Nescopeck, 56 F.Supp.2d 502, 504 (M.D.Pa. 1999)(McClure, J.)(citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)); see also Delong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1980).

As the cited cases demonstrate, a motion for reconsideration is a device of limited utility.  Its fundamental purpose is to remedy manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco, supra.  A party seeking to establish that the court has made such a manifest error is required "to persuade us not only that our prior decision was wrong, but that it was clearly wrong and that

3

adherence to that decision would create manifest injustice."  <u>In re City of Philadelphia Litigation</u>, 158 F.3d 711, 718 (3d Cir. 1998).  We will apply those concepts to Defendant's pending motion for reconsideration.

Plaintiffs in their brief in opposition point out that Defendant's motion is a rehash of arguments already considered by the court.  We agree with the Plaintiffs and will simply clarify one item relating to the award of attorney's fees involving work performed for Jamie Quinn.

Defendant argued previously and in support of its present motion for reconsideration that certain time entries related to Jamie Quinn should have been eliminated from the calculation of the award of attorney's fees and expenses.  Jamie Quinn was a former plaintiff who settled with the Defendant prior to trial.  As we noted in our order of February 23, 2006, much of the work associated with Jamie Quinn was not distinct from the successful retaliation claims of Plaintiffs McCloud and Boyle. Plaintiffs McCloud and Boyle quite appropriately presented at the time of trial evidence relating to the hostile work environment for the jury to evaluate the retaliation claims.  The jury was instructed, in assessing the retaliation claims, that the Plaintiffs had to prove that they were acting on a good faith, reasonable belief that they were the victims of discrimination when they made the original discrimination charges. In order for the jury to make such a determination evidence regarding the work environment had to be presented.   All of the work associated

with Jaime Quinn would have been performed in order to develop evidence of the work environment to which Plaintiffs McCloud and Boyle were exposed.  The reduction requested by Defendant would have the effect of simply ignoring the amount of work required to obtain evidence through Jamie Quinn which was relevant to the development of the retaliation case presented on behalf of Plaintiffs McCloud and Boyle.  Defendant has not argued that attorney Zicolello was previously compensated for the time as part of the settlement with Jamie Quinn.

     As noted in our order of February 23, 2006, Plaintiffs did not have limited success in this case.  The jury awarded $65,000 in favor of Plaintiff Barbara Boyle and $250,000 in favor Plaintiff Victoria McCloud.  Defendant does not raise or set forth any arguments in its motion for reconsideration that call into question the merits of our order of February 23, 2006.  That order is not troubled by manifest errors of law or fact and Defendant has not presented anything new, which if previously presented, might have affected our decision.  Consequently, the motion for reconsideration will be denied.

     Plaintiffs have also requested in their opposition brief additional attorney's fees in the amount of $3,820.00 associated with having to respond to the Defendant's motion for a stay and the motion for reconsideration. Defendant's response to this request is that "[i]t is questionable as to whether the Plaintiffs can affirmatively request the additional fees in a document which is a responsive pleading as opposed to an

5

affirmative request."  In light of Defendant's objection we will not consider an award of the additional fees requested by Plaintiffs at this time.  The Plaintiffs will be required to file a motion for the fees before we will consider the matter.

    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

    Defendant's motion for reconsideration (Doc. 118) filed on March 3, 2006, is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs